O'Connell v. National Surety Co., 185 Ill. App. 458.

## Abstract of the Decision.

STREET RAILROADS, § 100*—*when driver of vehicle struck by over-hang of car on curve guilty of contributory negligence.* In an action for personal injuries sustained by the driver of a vehicle struck by the overhang of a car rounding a curve, the evidence showed that on the curve in question the clearance between cars using the two tracks varied from six inches upward, depending upon the position of the cars on the curve; that prior to the accident plaintiff was driving in the tracks on the proper side of the street; that to have been struck by the overhang of the car he must have turned on to the space between the two sets of tracks, as a car was approaching in plain view. *Held* plaintiff was guilty of contributory negligence barring recovery.

---

## William L. O'Connell v. National Surety Company, Appellant.

## Thomas Connelly Company, Appellee.

## Gen. No. 19,000. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 26, 1914.

### Statement of the Case.

Bill of interpleader by William L. O'Connell, as treasurer of Cook county, against National Surety Company, a corporation, and Thomas Connelly Company, a corporation, to determine the ownership of a fund in complainant's hands claimed by both defendants. From a decree finding the Connelly Company entitled to nine hundred dollars of the fund and the Surety Company to the balance, the latter appeals.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

O'Connell v. National Surety Co., 185 Ill. App. 458.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; JOHN C. SLADE, of counsel.

S. L. SLAWITSKY, for appellee Thomas Connelly.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. INTERPLEADER, § 1*—*what questions presented for determination.* On a bill of interpleader the question for determination is, who is entitled to the identical property brought into court, and it is not the province of the court to permit a general accounting between the defendants.

2. INTERPLEADER, § 8*—*when court may settle equitable claims on fund.* On interpleader the court may investigate and settle equitable as well as legal claims to the fund in dispute, provided such claims are in the nature of equitable liens upon the particular fund in controversy as distinguished from merely equitable claims by one defendant against the other which have never, by contract or otherwise, been made a charge or lien upon the specific fund in court.

3. INTERPLEADER, § 1*—*when court may settle equities of parties.* Where defendants to a bill of interpleader answer without objection and the complainant is dismissed, the court may so shape its decree as to do complete equity between the parties.

4. INTERPLEADER, § 8*—*when claim constitutes an equitable lien on fund.* Where a Surety Company, taking over the work on a public contract under an assignment by the contractor for whom it was surety, induced a material man, who had advanced money to the contractor to pay labor, to withdraw his lien for such advance and for material claims under a promise to pay his claim in full out of any surplus remaining on the completion of the work after payment of other claims, such material man has an equitable lien on the surplus to the extent of his claim, which may be enforced in equity on a bill of interpleader filed against him and the Surety Company by the county treasurer.

5. APPEAL AND ERROR, § 1258*—*when unsuccessful party cannot complain of inadequacy of finding for adverse party.* Where the evidence would have justified a finding in excess of the amount allowed, the unsuccessful party is not injured thereby.

6. TRIAL, § 87*—*when refusal to reopen case to permit witness to correct testimony not error.* Where on interpleader one of the defendants claimed a portion of the fund in controversy under an alleged agreement with the other defendant that if he would with-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

draw his lien his claim would be paid out of any surplus which might remain after the payment of other claims, and an officer of the latter testified that there was a sufficient amount on hand to pay the claim in full if it were a just claim, the refusal of the chancellor to reopen the case to permit such officer to correct his testimony, by showing that he had testified without full information and that there were other claims outstanding, is not an abuse of discretion.

## R. A. Crandall, Defendant in Error, v. Albert L. Kirk, Plaintiff in Error.

### Gen. No. 19,007. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed March 26, 1914.

### Statement of the Case.

Action by R. A. Crandall against Albert L. Kirk to recover a stipulated sum agreed by the latter to be paid on failure to perfect title to certain property conveyed to plaintiff in part payment of the purchase price of an automobile, such sum to be in lieu of the property. On trial below without a jury plaintiff recovered judgment for four hundred dollars, from which defendant brings error. A motion to affirm the judgment was reserved to the hearing.

FRANCIS E. CROARKIN, for plaintiff in error.

JOHN T. BOOZ, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.